**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Devon Fray

    v.                                    Case No. 23-cv-310-SM

FCI Berlin Warden

## REPORT AND RECOMMENDATION

The petitioner, Devon Fray, has filed a petition for a writ of habeas corpus, claiming that the Federal Bureau of Prisons ("BOP") violated the First Step Act ("FSA"), by failing to calculate his sentence by applying any time credits under the FSA. Before the court is the respondent Warden's motion for summary judgment (Doc. No. 5), to which the petitioner has objected (Doc. No. 7).

## Summary Judgment Standard

Summary judgment is appropriate in habeas proceedings when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Bader v. Warden, No. 02-cv-508-JD, 2003 DNH 90, 2003 U.S. Dist. LEXIS 8955, at *8-9, 2003 WL 21228520, at *3 (D.N.H. May 28, 2003) (citations omitted), aff'd, 488 F.3d 483 (1st Cir. 2007).

## Background

Petitioner is a citizen of Jamaica. He was removed from this country at some point after his 2001 conviction for a violation of

18 U.S.C. § 922(g) (illegal possession of a firearm by a felon).
See Doc. No. 7, at 1; see also Jt., United States v. Fray, No. 1:00-
cr-00742-GET-LTW-1 (N.D. Ga. Mar. 28, 2001) (ECF No. 38).  He
illegally re-entered this country and, upon entry of a plea of
guilty, was convicted of one count of aggravated illegal re-entry of
a removed alien, in violation of 8 U.S.C. §§ 1326(a) & (b)(1).[1]  See
Mar. 2, 2023 Jt., United States v. Fray, No. 1:22-cr-266-LEK-1
(N.D.N.Y. Mar. 2, 2023) (ECF No. 20).  The petitioner is presently
incarcerated at FCI Berlin serving his § 1326(b)(1) sentence imposed
in his aggravated illegal re-entry prosecution in the Northern
District of New York.


## Discussion

The portion of the FSA listing the offenses that disqualify
prisoners from earning FSA time credits, see 18 U.S.C.
§ 3632(d)(4)(D), provides that convictions under 8 U.S.C.
§ 1326(b)(1) are disqualifying.  See 18 U.S.C. § 3632(d)(4)(D)(lix);
see also 28 C.F.R. § 523.41(d)(2) ("[i]f the inmate is serving a
term of imprisonment for an offense specified in 18 U.S.C.
§ 3632(d)(4)(D), the inmate is not eligible to earn FSA Time
Credits").  It is undisputed here that the petitioner is serving a

---

[1] The cited statutes provide criminal penalties for illegal re-
entry following a non-citizen's removal either subsequent to a
felony conviction, or after three or more convictions for
misdemeanor drug offenses or crimes against the person.  See 8
U.S.C. §§ 1326(a) & (b)(1).

sentence for a conviction of aggravated illegal re-entry of a removed alien, a disqualifying offense.

The petitioner contends that the pertinent statute listing disqualifying offenses should not apply to him, as he asserts there is a "growing consensus" that the felon-in-possession statute, 18 U.S.C. § 922(g), of which he had been convicted prior to his removal and illegal re-entry, is "unconstitutional."  Doc. No. 7, at 2.  The district court cases he cites, however, are inapposite to any issue here, as the petitioner is not serving a felon-in-possession sentence, and the BOP has not deemed him to be ineligible for FSA time credits because of his felon-in-possession conviction.  The pertinent conviction here is the petitioner's 2023 conviction of aggravated illegal re-entry of a removed alien, in his Northern District of New York prosecution.  The petitioner may not use this § 2241 petition, concerning the BOP's execution of his sentence, to collaterally challenge the validity of his § 1326(b)(1) conviction and sentence imposed in March 2023 in the Northern District of New York, or his § 922(g) conviction and sentence imposed more than twenty years ago in the Northern District of Georgia.  Cf. Jones v. Hendrix, 599 U.S. 465, __, 143 S. Ct. 1857, 1863 (2023) ("a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241").

There is no genuine issue of material fact as to petitioner's § 1326(b)(1) conviction being the offense underlying his current

sentence of imprisonment.  Respondent is entitled to judgment as a matter of law, as to the effect of the inclusion of that offense among those listed under the FSA as disqualifying.  Accordingly, the district judge should grant the respondent's motion for summary judgment (Doc. No. 5).

### Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 5) and direct the clerk's office to enter judgment and close the case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).


_____
Andrea K. Johnstone
United States Magistrate Judge

December 28, 2023

cc:  Devon Fray, pro se
     Anna Dronzek, Esq.